FILED
United States Court of Appeals
Tenth Circuit

October 21, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES ALLEN GARRISON,

      Petitioner - Appellant,

v.

JOE ORTIZ, Executive Director of the
Colorado Department of Corrections;
JOHN W. SUTHERS, The Attorney
General of the State of Colorado,

      Respondents - Appellees.

No. 08-1216

(D. Colorado)

(D.C. No. 1:05-CV-01300-WDM-BNB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

Charles Allen Garrison was convicted of first-degree murder in Colorado
state court. He filed an application under 28 U.S.C. § 2254, seeking habeas relief
on the ground that the introduction at trial of two out-of-court statements violated
his right to confront the witnesses against him. The United States District Court
for the District of Colorado denied relief and he seeks a certificate of
appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to pursue an
appeal). Because Mr. Garrison has not "made a substantial showing of the denial
of a constitutional right," *id*. § 2253(c)(2), we deny his application for a COA and
dismiss the appeal.

The relevant out-of-court statements admitted at Mr. Garrison's trial were made by Brent Pellerin, the victim of the crime. Approximately three weeks before he was murdered, Pellerin took a series of personal phone calls at his place of employment. These calls visibly upset Pellerin, and his manager, Richard Budnik, asked what was wrong. Pellerin replied that a friend from California was threatening to kill him. This statement was admitted at trial as an excited utterance. Two weeks later Pellerin was again visibly agitated at work and, during a cigarette break, told a concerned Budnik that his friend was "coming here from California to kill [him]." Aplt. App. at 67. When Budnik suggested that he call the police, Pellerin downplayed the threat, stating that "he doesn't mean anything" and that "it is no big deal." *Id*. at 175. These statements were admitted under Colorado's residual exception to the hearsay rule.

The Confrontation Clause of the Sixth Amendment, which applies to the states through its incorporation in the Due Process Clause of the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI; *see Pointer v. Texas*, 380 U.S. 400, 403 (1965) (incorporating Confrontation Clause). In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that the Confrontation Clause prohibits the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for

cross-examination." *Id*. at 53–54. Without exhaustively defining "testimonial," the *Crawford* Court noted that testimonial statements typically involve "a solemn declaration or affirmation made for the purpose of . . . proving some fact." *Id*. at 51 (brackets and internal quotation marks omitted).

In *Davis v. Washington*, 547 U.S. 813 (2006), the Court addressed the scope of the term "testimonial" in the context of police interrogations. The Court held that statements are testimonial when made during a police interrogation whose "primary purpose . . . is to establish or prove past events potentially relevant to later criminal prosecution." *Id*. at 822. Conversely, statements are not testimonial if made during an interrogation whose "primary purpose . . . is to enable police assistance to meet an ongoing emergency." *Id*.

The out-of-court statements made by Pellerin are plainly not testimonial. Pellerin made the statements to explain his mood, not to prove that Mr. Garrison was, in fact, coming from California to kill him. Indeed, Pellerin stated that police involvement was unnecessary because the threats were "no big deal" because the friend did not actually "mean anything." Aplt. App. at 175; *see Crawford*, 541 U.S. at 51 ("testimony" generally seeks to establish "some fact"); *see also Davis*, 547 U.S. at 822. Moreover, the statements at issue were made informally to a person with no role in the enforcement of criminal laws, and thus bear none of the indicia of "testimony." As *Crawford* observed, "An accuser who makes a formal statement to government officers bears testimony in a sense that a

person who makes a casual remark to an acquaintance does not." 541 U.S. at 51. In this respect *Davis* was even more explicit, declaring that "formality is indeed essential to testimonial utterance." 547 U.S. at 830 n.5. In short, because Pellerin's out-of-court statements were made informally to an acquaintance and did not seek to prove facts relevant to a criminal investigation, they cannot be deemed testimonial.

After similarly concluding that Pellerin's statements were not testimonial, the district court nonetheless analyzed whether the statements bore sufficient "guarantees of trustworthiness" under the pre-*Crawford* Confrontation Clause test set out in *Ohio v. Roberts* 448 U.S. 56, 66 (1980). The court relied on our opinion in *United States v. Ramirez*, 479 F.3d 1229 (10th Cir. 2007), which held that although *Crawford* applies to testimonial statements, nontestimonial statements are still approached "under the pre-*Crawford* rubric of *Ohio v. Roberts*." *Id.* at 1247. *Ramirez* is not good law on this particular point. In *Davis* the Supreme Court held that the Confrontation Clause applies only to testimonial statements, observing that a "limitation so clearly reflected in the text of the constitutional provision must fairly be said to mark out not merely its 'core,' but its perimeter." 547 U.S. at 824. Thus, it is clear that the trustworthiness test established in *Roberts* has been overruled. *See Whorton v. Bockting*, 127 S. Ct. 1173, 1183 (2007); *see also United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007) (noting that *Crawford* "abrogated" *Roberts*). Accordingly, we do not

-4-

need to address whether the statements at issue bore sufficient guarantees of trustworthiness.

Because the out-of-court statements admitted in Mr. Garrison's trial were nontestimonial, he has not made a "substantial showing" that his constitutional right to confront the witnesses against him was violated. *See* 28 U.S.C. § 2253(c)(2). We therefore DENY Mr. Garrison's application for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge